559 S.E.2d 576

**In the Matter of Calhoun Falls Municipal Court Judge Harold C. DIXON, Respondent.**

No. 25402.

Supreme Court of South Carolina.

Submitted Jan. 8, 2002.

Decided Jan. 28, 2002.

206

Henry B. Richardson, Jr., and Senior Assistant Attorney General Nathan Kaminski, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Harold C. Dixon, of Calhoun Falls, pro se.

PER CURIAM.

In this judicial grievance matter, respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a range of sanctions from a letter of caution to a public reprimand. We accept the agreement and publicly reprimand respondent. The facts in the agreement are as follows.

### Facts

In May 2000, the victim of an assault appeared before respondent to take out arrest warrants on the three men who attacked him. The victim told respondent that he did not want to sign a warrant against one of the attackers. Respondent told the victim that he had to sign all three warrants or none at all. When respondent refused to sign the warrants, respondent imposed an unauthorized fee of $25 per warrant as court costs, giving the appearance he was attempting to pressure the victim into signing the three warrants, or that he was fining the victim for his refusal to sign the warrants.

When the victim failed to pay the fees, respondent signed a bench warrant, stating that the victim had been convicted of contempt of court and that a sentence of twenty-nine days in jail and a $75 fine had been imposed. Respondent had not issued a summons to the victim, had not conducted a contempt hearing, and had not formally imposed a sentence on the victim. Moreover, because respondent had no authority to require the victim to pay court costs under the circumstances, he had no legal basis upon which to hold the victim in contempt. As a result of the bench warrant, the victim was arrested and incarcerated until he paid the $75 fine.

## Law

By his actions, respondent has violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 1(A) (a judge shall uphold the integrity and independence of the judiciary); Canon 2(A) (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 3 (a judge shall perform the duties of judicial office impartially and diligently); Canon 3(B)(2) (a judge shall be faithful to the law and maintain professional competence in it); Canon 3(B)(4) (a judge shall be patient, dignified and courteous to litigants and others with whom the judge deals in an official capacity); Canon 3(B)(7) (a judge shall accord to every person who has a legal interest in a proceeding the right to be heard according to law); Canon 3(B)(8) (a judge shall dispose of all judicial matters promptly, efficiently and fairly); and Canon 3(C)(1) (a judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice). These violations also constitute grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR.

## Conclusion

We find respondent's actions warrant a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.